**Lavon THOMSEN, Plaintiff–Appellant,**

v.

**R SUPPLY COMPANY, INC.,
a Nevada Corporation,
Defendant–Appellee.**

**No. 05–15082.**

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 11, 2007 *.

Filed Jan. 29, 2007.

Robert W. Story, Esq., Robert S. Larsen, Esq., Story & Sertic, Reno, NV, for Defendant–Appellee.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Before: TASHIMA and CALLAHAN, Circuit Judges, and SCHIAVELLI,[**] District Judge.

## MEMORANDUM [***]

Lavon Thomsen filed suit in the United States District Court for Nevada alleging *inter alia* that R Supply Co., Inc. ("R Supply") violated the Equal Pay Act, 29 U.S.C. § 206(d)(1), and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, when it moved her from outside salesperson to inside salesperson, hired a younger man to be the outside salesperson, and subsequently terminated her employment.[1] The district court granted summary judgment in favor of R Supply concluding that Thomsen had not made a *prima facie* showing of a violation of the Equal Pay Act and had failed to rebut R Supply's nondiscriminatory reason for its employment decisions.

■ Thomsen has filed a timely appeal challenging only the grants of summary judgment on her Equal Pay Act claim and on her claim of age discrimination under ADEA. We review the district court's order granting summary judgment *de novo*, drawing all reasonable inferences supported by the evidence in favor of Thomsen. *Porter v. Cal. Dep't. of Corrections*, 419 F.3d 885, 891 (9th Cir.2005) (citing *Villiarimo v. Aloha Island Air, Inc.* 281 F.3d 1054, 1061 (9th Cir.2002)). In reviewing the district court's order, "we must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the substantive law." *Ray v. Henderson*, 217 F.3d 1234, 1239–40 (9th Cir.2000).

Thomsen has failed to show that she was paid less for equal work as required for a claim under the Equal Pay Act. *See Hein v. Or. Coll. of Educ.*, 718 F.2d 910, 913 (9th Cir.1983) ("To make out a case under the Equal Pay Act, a plaintiff must prove that an employer is paying different wages to employees of the opposite sex for equal work."). The evidence before the district court showed that although Thomsen was the only woman among eight outside salespersons, she also earned more than two other outside salespersons, and that the five salespersons who earned more than she did each had considerably more seniority with R Supply than Thomsen. *See* 29 U.S.C. § 206(d)(1) (providing for an exception to the Equal Pay Act for payments "made pursuant ... a seniority system").

■ Thomsen has also failed to show that the district court erred in granting summary judgment for R Supply on Thomsen's age discrimination claim. Once Thomsen made out a minimal *prima facie* showing of age discrimination based on the age of the person hired to replace her as the outside salesperson, the burden shifted to R Supply to proffer a nondiscriminatory reason for its personnel action. *Rose v. Wells Fargo Co.*, 902 F.2d 1417, 1420 (9th Cir.1990) ("The shifting burden of proof applied to a Title VII discrimination claim also applies to claims arising under ADEA."). R Supply offered as its legitimate nondiscriminatory reason that it thought that Thomsen was not keeping up with changes in the industry. Although

[**] The Honorable George P. Schiavelli, United States District Judge for the Central District of California, sitting by designation.

[***] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Because the parties are familiar with the facts, we do not recite them.

Thomsen denied that she was not keeping up with the changes, she did not present any evidence that the reason given was not the real reason for R Supply's personnel decisions. Because Thomsen failed to satisfy her burden under the shifting burden of proof, the district court properly granted summary judgment against Thomsen. *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 890–91 (9th Cir.1994).

The district court's grant of summary judgment is **AFFIRMED.**